UNITED STATES of America, Plaintiff–Appellant, Cross–Appellee,

v.

Ali SHAMEIZADEH, a/k/a Ali Zadeh and Brian Reed, Defendants–Appellees, Cross–Appellants,

Joe Ford, Defendant–Appellee.

Nos. 94–6384, 94–6445 and 94–6449.

United States Court of Appeals, Sixth Circuit.

Submitted Nov. 30, 1994.

Decided Dec. 7, 1994.

John M. Compton, Asst. U.S. Atty., Office of the U.S. Atty., Lexington, KY, for plaintiff-appellant cross-appellee.

David R. Marshall, Joe A. Jarrell, and Patrick F. Nash, Lexington, KY, for defendants-appellees cross-appellants.

Mark J. Stanziano, Somerset, KY, for defendant-appellee.

Before: LIVELY, JONES, and DAUGHTREY, Circuit Judges.

## ORDER

The United States, plaintiff below, appeals from an order granting, in part, the defendants' motion to suppress evidence seized during a series of searches of a residence in Richmond, Kentucky. That appeal is docketed with this court as Case No. 94–6384. Defendant Shameizadeh filed a cross-appeal from the same order which he termed "an Order granting the Motions of the Defendants to suppress certain evidence and denying other evidence be suppressed." That appeal was filed herein as Case No. 94–6445. Defendant Reed also filed a cross notice of appeal "directed towards any portion of [the district court's order] inconsistent with the arguments advanced by defendant Reed. . . ." That appeal was docketed as Case No. 94–6449. We review these appeals initially to determine our jurisdiction in this matter.

It is well-settled that a criminal defendant cannot take an immediate appeal from an order denying a pretrial motion to suppress evidence. *See Di Bella v. United States,* 369 U.S. 121, 131, 82 S.Ct. 654, 660, 7 L.Ed.2d 614 (1962). Rather, such an order can be appealed only after the entry of final judgment in the action. *United States v. Dorfman,* 690 F.2d 1217, 1222 (7th Cir.1982). Although 18 U.S.C. § 3731 permits the government to take an immediate appeal from an order *granting* a pretrial motion to suppress, that statute does not provide for a cross-appeal by a defendant. *United States v. Andrews,* 600 F.2d 563, 565 n. 2 (6th Cir.), *cert. denied,* 444 U.S. 878, 100 S.Ct. 166, 62 L.Ed.2d 108 (1979); *United States v. Olt,* 492 F.2d 910, 912 (6th Cir.1974); *United States v. Eccles,* 850 F.2d 1357, 1362 (9th Cir.1988).

Caselaw provides, however, that a defendant may present, as part of his brief in the government's appeal, any arguments he may have advanced in the district court which would provide an alternative basis for affirming the order of suppression. *United States v. Becker,* 929 F.2d 442, 447 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 183, 116 L.Ed.2d 145 (1991); *United States v. Cahalane,* 560 F.2d 601, 608 (3d Cir.1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978); *United States v. Swarovski,* 557 F.2d 40, 49 (2d Cir.1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 796 (1978); *United States v. Finn,* 502 F.2d 938, 940 (7th Cir.1974). Thus, while the defendants may raise as part of the government's appeal any alternative arguments which would have supported the order of suppression, they may not assert those arguments as part of separate appeals or raise any arguments as to evidence not ordered suppressed by the district court. *See, e.g., Andrews, supra,* 600 F.2d at 565 n. 2; *Olt, supra,* 492 F.2d at 912; *Becker, supra,* 929 F.2d at 447; *Eccles, supra,* 850 F.2d at 1362.

It therefore is **ORDERED** that the defendants' appeals docketed herein as Case Nos. 94–6445 and 94–6449 are dismissed *sua sponte* for lack of appellate jurisdiction. Such dismissal is without prejudice to the defendants presenting arguments in their appellant briefs in Case No. 94–6384 as provided above.