Docket No. 93163–Agenda 3–November 2002.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. LATOYA JOHNSON, Appellee.

Opinion filed December 18, 2003.

CHIEF JUSTICE McMORROW delivered the opinion of the court:

In an appeal brought by the State from an order of the circuit court suppressing evidence, the defendant raised, in support of the judgment, an alternative argument which had been rejected by the circuit court. Based on this argument, the appellate court affirmed the judgment of the circuit court and then modified it to include the suppression of additional evidence. No. 1–00–1988 (unpublished order under Supreme Court Rule 23). The State filed a petition for leave to appeal in this court (177 Ill. 2d R. 315), arguing that the appellate court exceeded its jurisdiction both when it affirmed the judgment of the circuit court on a ground other than the one relied upon by the circuit court and also when it ordered the suppression of additional evidence. We granted the State’s petition. For the reasons that follow, we hold that the appellate court did not exceed its jurisdiction when it affirmed the circuit court judgment on an alternative ground but that it did exceed its jurisdiction when it modified the circuit court’s judgment to include the suppression of additional evidence.

BACKGROUND

The defendant, 17-year-old LaToya Johnson, was charged in the circuit court of Cook County with the first degree murder and robbery of her great aunt, Annie Jones. Prior to trial, defendant moved to suppress certain statements which she had given to the police. At a hearing held on defendant’s motion, the following evidence was introduced.

Sometime after 11 p.m., on March 18, 1998, Chicago police officers received a report from defendant that Jones, with whom defendant resided, was dead. Police officers went to Jones’ home and, after speaking with defendant and examining Jones’ body, brought defendant to Area Two Violent Crimes headquarters. Defendant arrived at the police station at approximately 3:15 a.m. on March 19.

At the station, defendant was placed in a locked, windowless interview room by Detective Raymond Krakausky. Some 10 hours later, at 1 p.m. on March 19, Krakuasky learned from the medical examiner that Jones had died of strangulation and multiple blunt trauma. At approximately 1:30 p.m., defendant was told of the medical examiner’s findings. She then gave an inculpatory statement to Krakausky and was placed under arrest.

Sometime between 2:30 p.m. and 3 p.m., attorney R. Eugene Pincham, who had been retained by defendant’s family without her knowledge, phoned Area Two. Pincham informed a police sergeant that he was defendant’s attorney and that he wished to speak with her. This request was denied. Pincham then told the sergeant that defendant was not to be questioned and that she was not to make any statements.

At approximately 5 p.m., Krakausky had a short conversation with defendant. During this conversation, defendant added to the inculpatory statement which she had made at 1:30 p.m. Soon thereafter, at approximately 5:15 p.m., Krakausky learned from his supervisor that Pincham had phoned the police station and asked that defendant not speak to the police.

Shortly before 6 p.m., Assistant State’s Attorney Kenneth Rickert arrived at Area Two to speak with defendant. Krakausky told Rickert that defendant’s attorney had phoned the police station earlier in the day. At approximately 6 p.m., defendant gave an oral statement to Rickert. At 9:30 p.m., defendant signed a handwritten statement which had been prepared by Rickert.

Before trial, defendant filed a motion to suppress the oral and written statements which she made while at Area Two on March 19, 1998.
(footnote: 1) A hearing was held on defendant’s motion over a period of four days, from May 1, 2000, to May 4, 2000. On the third day of the hearing, the circuit court gave leave to defendant to file a motion to quash arrest. Additional testimony was taken subsequent to the filing of this motion. In total, testimony was presented on three of the four days of the hearing.

During closing arguments at the hearing, on May 4, 2000, defense counsel clarified that there were four statements made by defendant which were at issue before the circuit court: the 1:30 p.m. and 5 p.m. statements which defendant made to Krakausky, and the 6 p.m. and 9:30 p.m. statements which defendant made to Rickert. With respect to defendant’s motion to suppress, defense counsel argued that all four of the statements should be suppressed because the police had failed to apprise defendant of her 
Miranda
 rights each time she was questioned. In addition, counsel maintained that the police officers at Area Two had failed to inform defendant that her attorney had phoned the station and instructed her not to speak to the police. From this, defense counsel argued that defendant could not, and did not, knowingly waive her right to counsel for the statements she made after her attorney phoned (the 5 p.m., 6 p.m. and 9:30 p.m. statements) because she was unaware that her attorney was attempting to contact her. Thus, counsel argued, defendant was denied her right to counsel under article I, section 10, of the Illinois Constitution of 1970 (see 
People v. McCauley
, 163 Ill. 2d 414 (1994)), and these latter three statements should be suppressed.

With respect to the motion to quash arrest, defense counsel argued that defendant had been arrested without probable cause when she was transported to the police station and locked in the interview room. Thus, counsel maintained that defendant’s arrest violated the fourth amendment and that all four statements she made while at the police station should be suppressed as the fruit of the illegal arrest.

Looking first to defendant’s motion to quash arrest, the circuit court found that defendant had “voluntarily accompanied the police to Area Two so the officers could conduct and conclude their investigation with regards to the case.” Further, the court determined that defendant was not arrested until after she gave her first statement to Krakausky at 1:30 p.m., at which time there was probable cause for the arrest. Based on these findings, the court denied defendant’s motion, stating that “the Motion to Quash Arrest for lack of probable cause be and the same is hereby denied and denied accordingly.”

Addressing defendant’s motion to suppress, the circuit court found that defendant had received and waived her 
Miranda
 rights before giving her first statement to Krakausky at 1:30 p.m. and that this statement was given “freely, voluntarily, and intelligently.” The court also found that defendant received and waived her 
Miranda
 rights before giving her second statement to Krakausky at 5 p.m. Moreover, the court found that Krakausky did not know that defendant’s attorney had phoned the police station until after defendant made her second statement. The circuit court thus concluded that defendant’s second statement, like the first, was “freely and voluntarily made.” Accordingly, the court denied defendant’s motion to suppress as it related to the two statements defendant gave to Krakausky.

However, with respect to the oral and written statements defendant made to Rickert, the circuit court reached a different conclusion. The court found that, before speaking to Rickert, defendant was told that an attorney had been retained for her and that he had phoned the police station. The court further found, however, that defendant was unaware that her attorney had advised her not to speak with the police. Citing to 
People v. McCauley
, 163 Ill. 2d 414 (1994), and 
People v. Milestone
, 283 Ill. App. 3d 682 (1996), the circuit court held that defendant’s waiver of her right to counsel for the oral and written statements she made to Rickert was not “an intelligent, knowing waiver” and, thus, that defendant’s right to counsel under article I, section 10, of the Illinois Constitution of 1970, had been violated.
(footnote: 2) Accordingly, the court suppressed the oral and written statements defendant gave to Rickert.

The State appealed the circuit court’s suppression of the two statements defendant made to Rickert pursuant to Supreme Court Rule 604(a)(1) (188 Ill. 2d R. 604(a)(1)). Citing to a decision of this court which had been decided after the circuit court’s ruling, 
People v. Chapman
, 194 Ill. 2d 186, 203-14 (2000), the State contended in its appellate brief that defendant’s right to counsel under 
McCauley
 had not been violated and that the circuit court erred in suppressing the two statements. Defendant, in her appellate brief, distinguished 
Chapman
 and maintained that the circuit court properly suppressed the two statements pursuant to 
McCauley
. Defendant also argued, however, that “the trial court’s suppression order was warranted” under the fourth amendment because defendant was arrested without probable cause. Defendant requested the appellate court to “affirm the trial court’s order suppressing her statement[s].” In its reply brief, the State repeated its argument that, under 
Chapman
, defendant’s right to counsel had not been violated. The State also maintained that defendant was not arrested until after she gave her first inculpatory statement to Krakausky, at which time there was probable cause for the arrest, and, hence, that there was no fourth amendment violation.

The appellate court affirmed the order of the circuit court as modified. No. 1–00–1988 (unpublished order under Supreme Court Rule 23). In its opinion, the appellate court noted that the State’s appeal was taken from “an order of the circuit court granting defendant’s motion to suppress a written and oral statement she made to Assistant State’s Attorney (ASA) Rickert.” The appellate court further observed that the circuit court had ordered the suppression of the two statements on the basis that defendant’s right to counsel had been violated. However, citing the rule that a judgment on appeal may be affirmed on any ground of record, the appellate court chose to put the question of whether defendant’s right to counsel had been violated to one side and, instead, consider defendant’s fourth amendment argument.

Although the appellate court accepted all the factual findings made by the circuit court, the appellate court did not mention or review any of the circuit court’s discussion of the legality of defendant’s arrest. Addressing the parties’ contentions on the fourth amendment issue, the appellate court concluded that defendant was arrested without probable cause when she was placed in the locked interview room. The appellate court stated:

“Here, the defendant was 17 years old and agreed to accompany the police to further the investigation of her aunt’s death, but was placed in a locked interview room for 10 hours before anyone spoke to her about the case. Additionally, defendant was allowed to use the restroom only when she knocked on the locked door and was escorted to and from the facilities by Detective Krakausky. No one ever told defendant that she was free to leave. As in [
People v. Young
, 206 Ill. App. 3d 789 (1990), 
People v. Halmon
, 225 Ill. App. 3d 259 (1992), and 
People v. Wallace
, 299 Ill. App. 3d 9 (1998)], a reasonable person, innocent of any crime, would not have felt free to leave in these circumstances.”

Pointing to “the length of the detention, the lack of intervening circumstances, and the purpose of the conduct in locking the 17-year-old defendant inside a windowless interview room for 10 hours until the medical examiner’s report came in,” the appellate court also held that defendant’s statements to Rickert were not sufficiently attenuated from the illegal arrest to purge the taint of the illegality. Accordingly, the appellate court affirmed the circuit court’s order which suppressed the two statements defendant made to Rickert.

Importantly, however, the appellate court’s opinion did not end with a simple affirmance of the judgment of the circuit court. Instead, based on its holding that defendant had been illegally arrested, the appellate court modified the circuit court’s judgment 
sua sponte
 and suppressed the 1:30 p.m. and 5 p.m. statements defendant gave to Krakausky.

The State subsequently filed a petition for rehearing in which it argued that the appellate court had exceeded its jurisdiction under Supreme Court Rule 604(a)(1) (188 Ill. 2d R. 604(a)(1)) by addressing defendant’s fourth amendment argument. More specifically, the State contended that, by addressing defendant’s fourth amendment argument, the appellate court had “in effect” permitted defendant to cross-appeal from the circuit court’s denial of defendant’s motion to quash arrest. The State argued that no rule permits such an appeal by a defendant and, therefore, that the appellate court had erred in considering defendant’s fourth amendment argument.

The appellate court rejected the State’s contentions. Again citing the principle that a reviewing court may affirm the circuit court on any basis in the record, the appellate court stated that “we examined the record and affirmed the circuit court’s suppression order based on defendant’s illegal arrest under the fourth amendment.” The court then reiterated that it was “affirm[ing] the order of the circuit court as modified to include the suppression of the 1:30 p.m. and 5 p.m. statements made to Detective Krakausky.” The State’s appeal to this court followed.

ANALYSIS

Before this court, the State does not challenge the correctness of the appellate court’s fourth amendment analysis. Instead, the State argues only that the appellate court exceeded its jurisdiction. The State maintains that the appellate court acted without jurisdiction in two respects.

First, repeating the argument it raised on rehearing before the appellate court, the State contends that the appellate court exceeded its jurisdiction under Rule 604(a)(1) when it affirmed, on an alternative ground, the circuit court’s order suppressing the two statements defendant made to Rickert. According to the State, when the appellate court addressed defendant’s fourth amendment argument, and affirmed the circuit court’s suppression of the two statements defendant made to Rickert on fourth amendment grounds, “the reality” was that the appellate court was impermissibly allowing defendant to cross-appeal from the circuit court’s denial of her motion to quash arrest. The State notes that neither Rule 604(a)(1) nor any other rule permits such an appeal by a criminal defendant. Thus, the State argues that the appellate court had “no jurisdiction to consider” defendant’s fourth amendment argument and that the appellate court erred when it affirmed the circuit court’s suppression of the two statements defendant made to Rickert on fourth amendment grounds.

Second, the State contends that, even if the appellate court did not exceed its jurisdiction when it affirmed the circuit court on an alternative ground, the appellate court did exceed its jurisdiction when it modified the circuit court’s order to suppress the 1:30 p.m. and 5 p.m. statements defendant made to Krakausky. The State maintains that “the appellate court acted without jurisdiction” when it suppressed “further evidence which the trial court had not suppressed.” According to the State, under Rule 604(a)(1), the appellate court had “no jurisdiction to modify the lower court’s order as it did.”

We address each of the State’s contentions in turn.

Did the Appellate Court Exceed Its Jurisdiction When It Affirmed the Circuit Court’s Order on an Alternative Ground?

It is a fundamental principle of appellate law that when an appeal is taken from a judgment of a lower court, “[t]he question before [the] reviewing court is the correctness of the result reached by the lower court and not the correctness of the reasoning upon which that result was reached.” 
People v. Novak
, 163 Ill. 2d 93, 101 (1994); accord 
People v. Thompkins
, 121 Ill. 2d 401, 428 (1988); 
People v. Tobe
, 49 Ill. 2d 538, 547 (1971); 
People v. York
, 29 Ill. 2d 68, 71 (1963); see also 2A Ill. L. & Prac. 
Appeal & Error
 §402, at 93 (2002). As one court has stated:

“[A]ppeals have to be taken from final judgments, not from judicial rationales. And court judgments may of course be supported by any sound judicial argumentation–or by none at all if they are correct legally. Judges have at least the solace of knowing that only judicial deeds–not judicial words–may constitute legal error.” 
Cook v. Hirschberg
, 258 F.2d 56, 57 (2d Cir. 1958).

See also 
United States v. Shirley
, 359 U.S. 255, 261 n.5, 3 L. Ed. 2d 789, 794 n.5, 79 S. Ct. 746, 749 n.5 (1959) (“This Court reviews judgments, not arguments assailing them or seeking to sustain them”).

A logical corollary to the foregoing principle is the rule that a reviewing court “can sustain the decision of a lower court for any appropriate reason, regardless of whether the lower court relied on those grounds and regardless of whether the lower court’s reasoning was correct.” 
Novak
, 163 Ill. 2d at 101. The rule that a lower court decision may be sustained on any ground of record is both universally recognized and long established. Almost 80 years ago, the United States Supreme Court provided what has become the leading expression of the rule, stating that an

“appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.” 
United States v. American Ry. Express Co.
, 265 U.S. 425, 435, 68 L. Ed. 1087, 1093, 44 S. Ct. 560, 564 (1924).

In a later opinion, Justice Cardozo declared it “inveterate and certain” that an appellee may “ ‘urge in support of a decree any matter appearing in the record.’ “ 
Morley Construction Co. v. Maryland Casualty Co.
, 300 U.S. 185, 191, 81 L. Ed. 593, 597, 57 S. Ct. 325, 327-28 (1937), quoting 
American Ry. Express Co.
, 265 U.S. at 435, 68 L. Ed. at 1093, 44 S. Ct. at 564; see also 5 Am. Jur. 2d 
Appellate Review
 §828 (1995).

The rule that an appellate court may affirm a lower court’s judgment on any ground of record has been applied in appeals taken from a wide variety of judicial orders. See, 
e.g.
, 2A Ill. L. & Prac. 
Appeal & Error
 §§403 through 407, at 94-98 (2002) (listing cases). In 
People v. York
, 29 Ill. 2d 68 (1963), this court specifically recognized that the rule is applicable in an interlocutory appeal brought by the State from an order suppressing evidence.

In 
York
, the defendants moved to quash a search warrant and suppress certain evidence seized under the warrant. The motion to quash was granted by the trial court on the ground that the complaint failed to state facts which would establish probable cause for the issuance of the warrant. The State brought an interlocutory appeal from the ruling. 
York
, 29 Ill. 2d at 69.

This court reversed the circuit court’s finding that probable cause had not been established. We then stated the following:

“Defendants’ motion to quash asserted other defects in the proceedings. The People have urged that since the ground upon which the trial court quashed the search warrant in question was the lack of probable cause for its issuance, these other alleged defects should not be considered. But the question before a reviewing court is the correctness of the result reached by a trial court, and not the correctness of the reasoning upon which that result was reached. (
People ex rel. Kunstman v. Nagano
, 389 Ill. 231, 238;
 Troup v. Hunter
, 300 Ill. 110, 112; 
City of Chicago v. Farwell
, 260 Ill. 565, 569.) The other grounds upon which the defendants seek to support the order are therefore properly before us.” 
York
, 29 Ill. 2d at 71.

See also 
People v. Nash
, 173 Ill. 2d 423, 432 (1996).

Our conclusion in 
York
 that a criminal defendant may rely on an alternative legal argument in support of an order suppressing evidence is in accord with the weight of authority found elsewhere. The federal courts of appeals, for example, uniformly hold that when the government appeals an order suppressing evidence under 18 U.S.C. §3731 (the federal counterpart to our Rule 604(a)(1)),
(footnote: 3) the defendant may present “any arguments he may have advanced in the district court which would provide an alternative basis for affirming the order of suppression.” 
United States v. Shameizadeh
, 41 F.3d 266, 267 (6th Cir. 1994), citing 
United States v. Becker
, 929 F.2d 442, 447 (9th Cir. 1991);
 United States v. Cunningham
, 113 F.3d 289, 296 (1st Cir. 1997); 
United States v. Swarovski
, 557 F.2d 40, 49 (2d Cir. 1977); 
United States v. Cahalane
, 560 F.2d 601, 608 (3d Cir. 1977);
 United States v. Moody
, 485 F.2d 531, 534 (3d Cir. 1973);
 United States v. Finn
, 502 F.2d 938, 940 (7th Cir. 1974); see also 15B C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure §3919.3, at 627 (1992) (on appeal from a pretrial suppression order, a defendant may “defend the appeal by urging affirmance on grounds not accepted by the trial court”); 5 Am. Jur. 2d 
Appellate Review
 §328 (1995) (same); M. Tigar & J. Tigar, Federal Appeals Jurisdiction & Practice §2.11, at 128 (3d ed. 1999) (same).

The foregoing cases and principles are well settled and may be readily applied to the present case. The issue before the appellate court in this case, as that court acknowledged at the outset of its opinion, was the correctness of the circuit court’s decision to suppress the two statements defendant made to Rickert. Defendant offered two arguments in support of the circuit court’s decision, one of which was the argument that she was arrested without probable cause. The factual basis for this fourth amendment argument had been fully developed over the course of three days of testimony presented in the circuit court and was fully briefed on appeal. After analyzing the fourth amendment issue, the appellate court “affirmed the circuit court’s suppression order based on defendant’s illegal arrest under the fourth amendment.” Given that a judgment on appeal may be affirmed on any ground of record, it appears “inveterate and certain” (
Morley Construction Co.
, 300 U.S. at 191, 81 L. Ed. at 597, 57 S. Ct. at 328) that the appellate court did not exceed its jurisdiction when it affirmed, on fourth amendment grounds, the circuit court’s decision to suppress the two statements defendant made to Rickert.

The State, however, contends that the appellate court exceeded its jurisdiction when it addressed defendant’s fourth amendment argument. The State cites four opinions from our appellate court in support of its position: 
People v. DeSantis
, 319 Ill. App. 3d 795 (2000), 
People v. Bielawski
, 255 Ill. App. 3d 635 (1994), 
People v. Perez
, 72 Ill. App. 3d 790 (1979), and 
People v. Kepi
, 65 Ill. App. 3d 327 (1978). Contrary to the State’s contention, the earliest of these decisions, 
Kepi
, does not stand for the proposition that an appellate court’s jurisdiction on appeal from an order suppressing evidence is limited to the specific rationale relied upon by the circuit court. Rather, 
Kepi
 stands for the more limited principle that a defendant may not seek, on appeal, to have evidence suppressed by the appellate court which was not suppressed by the circuit court in the first instance. See 
Kepi
, 65 Ill. App. 3d at 331 (dismissing, as an impermissible cross-appeal, the defendant’s argument that a jacket which was not suppressed by the circuit court should have been).

Two of the remaining opinions cited by the State, 
DeSantis
 and 
Bielawski
, are somewhat more helpful to its position. In those decisions, the defendants sought to raise an alternative ground on appeal which had been rejected by the circuit court both as a means to affirm the circuit court’s order of suppression and to suppress additional evidence which had not been suppressed by the circuit court. Without distinguishing between these two concepts, the appellate court in both cases simply declined to consider the alternative argument on the basis that a defendant is not permitted to cross-appeal from the denial of motion to suppress. 
DeSantis
, 319 Ill. App. 3d at 808; 
Bielawski
, 255 Ill. App. 3d at 640. 
DeSantis
 and 
Bielawski
 thus implicitly hold, in part, that a defendant may not raise an alternative legal argument in support of a circuit court’s order of suppression when that argument was rejected by the circuit court.

The clearest and strongest authority for the State is found in 
People v. Perez
, 72 Ill. App. 3d 790 (1979). In that case, the circuit court concluded that the defendant’s arrest was valid but suppressed certain statements which he had made on fifth amendment grounds. On appeal, the defendant argued that the circuit court was correct to suppress the statements on fifth amendment grounds. However, the defendant also tried to argue that the statements were properly suppressed because he was illegally arrested. The appellate court dismissed this alternative argument, stating:

“Defendant has raised various points related to the validity of his arrest in support of his position that the trial court properly suppressed his statements. We recognize the effect a claim of illegal arrest might have upon the accused’s subsequent statements. (
Brown v. Illinois
 (1975), 422 U.S. 590, 45 L. Ed. 2d 416, 95 S. Ct. 2254.) However, the trial court had previously found that probable cause existed for defendant’s arrest. To consider defendant’s assertion at this juncture would, in effect, permit a cross-appeal by defendant of a denial of a motion to suppress evidence. This is impermissible. (
People v. Kepi
 (1978), 65 Ill. App. 3d 327, 331, 382 N.E.2d 642.) Moreover, should trial occur, there exists the possibility that additional evidence could be presented which could affect the prior decision on the issue of probable cause. (
People v. Braden
 (1966), 34 Ill. 2d 516, 520, 216 N.E.2d 808.) Thus, we will not consider defendant’s arguments concerning the validity of his arrest as it might relate to the admissibility of his statements.” 
Perez
, 72 Ill. App. 3d at 797.

The State contends that the reasoning found in 
Perez
, 
DeSantis
 and 
Bielawski
 is compelling and asks us to adopt the principles set forth in those decisions here. We decline to do so. 
Perez
, 
DeSantis
 and 
Bielawski
 improperly define appellate jurisdiction in terms of a legal rationale without any recognition of the fundamental principle that it is the correctness of a lower court’s result which is at issue on appeal and not the lower court’s reasoning. Moreover, none of the appellate decisions cited by the State acknowledge this court’s decision in 
York
 and our holding that, in an interlocutory appeal taken from an order suppressing evidence, an appellate court may affirm on any ground of record.

The holding of 
Perez
 is based, in part, on the conclusion that the defendant’s alternative, fourth amendment argument could not be addressed because of the possibility that evidence presented at trial might have a bearing on that argument. 
Perez
, 72 Ill. App. 3d at 797. Citing to this reasoning, the State argues in the present case that the appellate court’s ruling on defendant’s fourth amendment argument was premature. This argument may be summarily rejected. If the position taken by the State and 
Perez
 were correct, then the appellate court could never review, on a State’s appeal, an order of the circuit court granting a motion to suppress based on a fourth amendment violation. Such a ruling would, under the logic of 
Perez
, be premature, since evidence introduced at trial might have an effect upon the issue. This is clearly not the law and never has been.

Further, while there may be instances where it is inappropriate to address an argument advanced in support of a judgment on appeal because the factual basis for the argument is not sufficiently of record, this is not such a case. The factual basis for defendant’s contention that she was arrested without probable cause was fully developed over the course of three days of testimony at the hearing in the circuit court. The issue was then fully briefed and argued in the appellate court. The State has not pointed to any additional evidence which would have a bearing on this issue. Thus, under these circumstances, the appellate court’s decision to address defendant’s fourth amendment argument was not premature.

Perez
, 
DeSantis
 and 
Bielawski
 are not well-reasoned opinions. Moreover, decisions from other courts have squarely rejected their logic. For example, in 
People v. Fenelon
, 88 Ill. App. 3d 191 (1980), the defendants, Fenelon and Greer, filed motions to suppress physical evidence and quash a search warrant. The circuit court found that probable cause existed for the issuance of the warrant. However, the court determined that the warrant was overbroad and, accordingly, suppressed certain evidence. The State appealed. Before the appellate court, Fenelon argued that the order of suppression could be sustained both because the warrant was overbroad and because there was no probable cause for its issuance. The Stated objected to the defendant’s attempt to raise the question of probable cause. Relying on 
York
, the appellate court rejected the State’s position:

“Preliminarily, the State argues defendant Fenelon is precluded from seeking review of the probable cause issue because it would amount to allowing a criminal defendant an impermissible interlocutory cross-appeal. The State cites 
People v. Perez
 (1979), 72 Ill. App. 3d 790, and 
People v. Kepi
 (1978), 65 Ill. App. 3d 327, for this proposition; however, we find these cases distinguishable in that the defendants in those cases sought to present either new issues or defenses on appeal, whereas the issue of probable cause in the instant case was included in the defendants’ motion to suppress and was argued before the trial court. As such, we consider 
People v. York
 (1963), 29 Ill. 2d 68, to be on point for the proposition that the question before a reviewing court is the correctness of the result reached by the trial court, and not the correctness of the reasoning upon which the result was reached. Therefore, in determining whether the court’s ruling was manifestly erroneous (
People v. Rogers
 (1979), 71 Ill. App. 3d 1046), the issues of probable cause and overbreadth are both properly before this court.” 
Fenelon
, 88 Ill. App. 3d at 193.

Other jurisdictions, relying on basic principles of appellate law, have also rejected the argument advanced by the State here. In 
United States v. Cunningham
, 113 F.3d 289 (1st Cir. 1997), the defendants sought to raise an alternative argument on appeal in support of a district court order which had suppressed certain evidence. The government objected, arguing that the defendants’ alternative ground would not only support the order suppressing evidence which had been appealed by the government, but would also undermine a different order entered by the district court in which it had declined to suppress other evidence. The First Circuit Court of Appeals rejected the government’s argument:

“[The government] argues that the alternative ground is really a Trojan horse effort to review an unappealable order.

The argument is clever but unpersuasive. The fact that the [alternative argument] may have implications for two different orders does not prevent us from considering that issue so far as it pertains to a reviewable order. The cases cited by the government, 
e.g.
, 
United States v. Shameizadeh
, 41 F.3d 266, 267 (6th Cir. 1994), are not on point. Indeed, if we thought that the suppression order were clearly valid, but on a ground different than that offered by the district court, it would be bizarre to overturn it.” 
Cunningham
, 113 F.3d at 295-96.

In 
United States v. Finn
, 502 F. 2d 938, 940 (7th Cir. 1974), the Seventh Circuit Court of Appeals provided additional reasons for rejecting the logic of 
Perez
, 
DeSantis
 and 
Bielawski
. In 
Finn
, the federal district court suppressed certain evidence which had been gathered against multiple defendants by electronic surveillance. The suppression order was based on a statutory ground. On appeal, the Seventh Circuit reversed that ruling. However, some of the defendants argued that the evidence should be suppressed because there was a lack of probable cause for the surveillance. The court of appeals stated:

“Some defendants argue that the showing of probable cause was insufficient. The Government questions our jurisdiction to consider this issue, arguing that 18 U.S.C. §§2518(10)(b) and 3731 make no provision for cross-appeals and that the district judge did not pass on the probable cause issue. We see no reason not to apply the general rule that an appellee may rely on any ground in support of the judgment. Langnes v. Green, 282 U.S. 531, 538-539, 51 S. Ct. 243, 75 L. Ed. 520; Dandridge v. Williams, 397 U.S. 471, 475-476, n.6, 90 S. Ct. 1153, 25 L. Ed. 2d 491. The order appealed from is that certain evidence be suppressed, and if we should find that the warrant issued without probable cause, that order must be affirmed. We of course have discretion to remand this issue to the district court if we wish the benefit of that court’s views or if the record is incomplete. 
Dandridge, supra.
 But we need not do so, and any rule that we must would be inconsistent with considerations of judicial economy and judicial restraint. Such a procedure could easily trigger two pretrial appeals by the Government, a result inconsistent with the reason behind the statutory direction that appeals under Sections 2518(10)(b) and 3731 be diligently prosecuted. It is also easy to imagine a case where the Government’s proposed rule would require us to resolve a constitutional issue when the case could be disposed of on the basis of a statutory issue overlooked by the parties below. We conclude that the Government’s appeal conferred jurisdiction to determine whether there was probable cause for electronic surveillance.” 
Finn
, 502 F.2d at 940.

See also 
United States v. Moody
, 485 F.2d 531, 534 (3d Cir. 1973), 
Commonwealth v. Levesque
, 436 Mass. 443, 766 N.E.2d 50 (2002); 
Commonwealth v. Mottola
, 10 Mass. App. 775, 781-82, 412 N.E.2d 1280, 1284-85 (1980), 
cited with approval in Commonwealth v. LeBlanc
, 407 Mass. 70, 73 n.5, 551 N.E.2d 906, 908 n.5 (1990).

The decisions in 
Fenelon
, 
Cunningham
, and 
Finn
 are persuasive and are consistent with this court’s decision in 
York
. The principles set forth in these decisions resolve the question presented here. There is no reason why the appellate court in this case should be precluded from relying upon the rule that a lower court decision may be affirmed on any ground of record, nor is there any reason why the appellate court should be required to address only the legal rationale relied upon by the circuit court. Accordingly, we hold that the appellate court did not exceed its jurisdiction when it affirmed, on an alternative ground, the order of the circuit court which suppressed the two statements defendant made to Rickert. To the extent that the decisions in 
Perez
, 
DeSantis
 and 
Bielawski
 are inconsistent with this holding, those decisions are overruled.

Did the Appellate Court Exceed Its Jurisdiction When It Modified the Circuit Court’s Order?

Neither Rule 604(a)(1) nor its federal counterpart, 18 U.S.C. §3731, permit a defendant to appeal from an order of a trial court denying a motion to suppress evidence. See, 
e.g.
, 
People v. Kepi
, 65 Ill. App. 3d 327, 331 (1978); 
United States v. Shameizadeh
, 41 F.3d 266, 267 (6th Cir. 1994). Thus, when the government appeals an order of the trial court granting a motion to suppress evidence, the appeal brings before the appellate court only that evidence which was actually suppressed by the trial court. The reviewing court has no jurisdiction over evidence not suppressed by the trial court and may not entertain arguments by a defendant to suppress evidence which was not suppressed by the trial court in the first instance. See, 
e.g.
, 
Kepi
, 65 Ill. App. 3d at 331; 
Shameizadeh
, 41 F.3d at 267 (a defendant may not “raise any arguments as to evidence not ordered suppressed by the district court”); 
United States v. Becker
, 929 F.2d 442, 447 (9th Cir. 1991) (“What we may not consider is any defense argument seeking suppression of additional evidence which the district court did not suppress”); see generally 5 Am. Jur. 2d 
Appellate Review
 §328 (1995).

Applying the foregoing principles here, it is clear that the appellate court erred in modifying the circuit court’s order so that all of defendant’s statements were suppressed. The State appealed from the order of the circuit court which suppressed the two statements defendant made to Rickert. As discussed, under established principles of appellate law, the appellate court could rely on any argument of record raised by defendant in support of affirming the circuit court’s order suppressing those two statements. However, the appellate court had no jurisdiction over the 1:30 p.m. and 5 p.m. statements defendant made to Krakausky since those statements were never suppressed by the circuit court. Thus, the appellate court exceeded its jurisdiction when it modified the circuit court’s order to suppress the two statements defendant made to Krakausky.

Defendant contends, however, that the appellate court did not exceed its jurisdiction when it modified the circuit court’s judgment. In support, defendant points to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, §6). That provision states, “The Appellate Court may exercise original jurisdiction when necessary to the complete determination of any case on review.” Ill. Const. 1970, art. VI, §6. Defendant maintains that, once the State appealed the suppression of the two statements made to Rickert, the appellate court obtained “original jurisdiction” of the case and that this original jurisdiction included the authority to suppress the two statements defendant made to Krakausky. We disagree.

For purposes of this appeal, the significant language in article VI, section 6, is not the phrase “original jurisdiction” but is, instead, the language which states that the appellate court obtains original jurisdiction “of any case on review.” The constitution authorizes this court to promulgate rules “for appeals to the Appellate Court from other than final judgments.” Ill. Const. 1970, art. VI, §6. The “case on review” mentioned in article VI, section 6, is defined by our Rule 604(a)(1). That rule, in turn, limits the “case on review” to the evidence actually suppressed by the circuit court. In other words, under article VI, section 6, the appellate court obtains original jurisdiction over the evidence suppressed by the circuit court when the State files an appeal. The appellate court does not, however, obtain jurisdiction over evidence that was not suppressed by the circuit court. Such evidence is simply not part of the case which may be reviewed pursuant to Rule 604(a)(1).

Finally, defendant argues that principles of judicial economy would permit the appellate court to modify the circuit court’s judgment. Defendant notes that the appellate court’s holding that defendant was arrested without probable cause is the law of the case and is binding on the circuit court. Thus, based on the appellate court’s holding, defendant could return to the circuit court and obtain a ruling suppressing the 1:30 p.m. and 5 p.m. statements defendant made to Krakausky. See, 
e.g.
, 
People v. Enis
, 163 Ill. 2d 367, 387 (1994) (“a trial court retains jurisdiction to reconsider an order it has entered, as long as the cause is pending before the trial court”). Accordingly, defendant maintains that judicial economy would be served by permitting the appellate court to suppress the two statements made to Krakausky, rather than requiring defendant to go through additional proceedings in the circuit court.

The difficulty with this argument is that the bar to the appellate court suppressing the two statements defendant made to Krakausky is jurisdictional. Under Rule 604(a)(1), the appellate court has no jurisdiction to suppress evidence that was not suppressed by the circuit court in the first instance. Allowing the appellate court to modify the judgment in the case at bar would subvert this principle. Principles of judicial economy may not trump the jurisdictional barrier erected by Rule 604(a)(1) in this case.

CONCLUSION

As earlier noted, the State does not challenge the correctness of the appellate court’s fourth amendment holding on the merits. Accordingly, we affirm the appellate court judgment in part and reverse in part. We affirm that portion of the appellate court judgment which affirmed the circuit court’s suppression of the two statements defendant made to Rickert. We reverse that portion of the appellate court’s judgment which modified the ruling of the circuit court to include the suppression of the two statements defendant made to Krakausky. The cause is remanded to the circuit court of Cook County for further proceedings consistent with this opinion.

 Affirmed in part and reversed in part;

cause remanded
.

JUSTICE KILBRIDE, concurring in part and dissenting in part:

I concur in the portion of the majority opinion holding that it was error to modify the trial court’s order so as to suppress all of defendant’s statements since there was no appellate jurisdiction over the oral and written statements she made to Krakausky. In arriving at that conclusion, the majority correctly recognizes that this case 
does not involve
 an appeal of 
a final judgment
; rather, 
it concerns the State’s interlocutory appeal
 in a criminal case. Slip op. at 12. By this court’s constitutional authority to issue rules governing interlocutory appeals, we created Rule 604(a)(1) (188 Ill. 2d R. 604), to limit the State’s right to appeal in criminal cases. See Ill. Const. 1970, art. VI, §6 (“The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts”). In that rule, this court expressly mandated a limited State right to appeal in criminal cases that excludes the right to appeal from the denial of a motion to suppress. Slip op. at 18.

Here, the State filed an interlocutory appeal from the trial court’s ruling suppressing the oral and written statements defendant gave to Rickert because she could not have knowingly and voluntarily waived her right to remain silent when she was unaware that retained counsel had called the station and advised her not to speak to the police. As the majority acknowledges, the trial court also denied defendant’s motion to quash arrest based on the absence of probable cause, but the State did not appeal that ruling, nor could it have appealed pursuant to Rule 604(a)(1). Slip op. at 18. The result reached by the majority, however, indirectly permits what our rules prohibit, namely, 
interlocutory appeals from the denial of a motion to quash arrest
.

The majority’s reliance on our decision in 
People v. York
, 29 Ill. 2d 68 (1963), in reaching this conclusion is misplaced. First, 
York
 did not purport to address a jurisdictional question. The only mention of jurisdiction explained why this court, rather than the appellate court, was hearing the interlocutory appeal. 
York
, 29 Ill. 2d at 69. Second, 
York
 involved only a single motion seeking to quash a search warrant and suppress evidence seized pursuant to that warrant. That 
one motion 
asserted 
several
 “ ‘
defects in the proceedings
.’ ” (Emphasis added.) Slip op. at 9, quoting 
York
, 29 Ill. 2d at 71. Under those circumstances, I agree with the majority that the appellate court could affirm the lower court’s ruling on any of the alleged defects supported by the record. See slip op. at 9.

This case differs, however, because here appellate jurisdiction in interlocutory appeals is the primary issue. Moreover, 
defendant in this case filed two separate motions, each based on a different legal theory, covering two sets of statements.
 The first motion, seeking to suppress only defendant’s statements to Rickert, was based on an alleged violation of her right to counsel. The second motion sought to quash defendant’s arrest based on a lack of probable cause, a fourth amendment violation. If granted, that motion would have precluded the admission of 
any
 statements defendant made while at the police station. 
The critical distinction between this set of facts and York is that here no single motion incorporated both grounds
.

Consequently, in this case the trial court made two separate rulings, one suppressing the statements to Rickert and the other refusing to quash the arrest. Since this case involves an interlocutory appeal rather than an appeal from a final judgment, even the majority acknowledges (slip op. at 17-18) that only rulings falling within the restricted scope of appellate jurisdiction imposed by Rule 604(a)(1) could be subject to review. See 188 Ill. 2d R. 307 (limiting interlocutory appeals as of right); 155 Ill. 2d R. 308 (listing the requirements for seeking an interlocutory appeal by permission); 188 Ill. 2d R. 604 (limiting the scope of State appeals in criminal cases). See also 
Murges v. Bowman
, 254 Ill. App. 3d 1071, 1080 (1993) (“ ‘An appeal under Rule 307 does not open the door to a general review of all orders entered by the trial court up to the date of the order that is appealed.’ [Citation.]”). 
Thus, only the ruling suppressing the statements to Rickert was, or even could have been, reviewed prior to issuance of the final judgment in the case
. See 188 Ill. 2d R. 604(a)(1).

It is indisputable that the denial of defendant’s motion to quash arrest may not be the subject of interlocutory appeal under Rule 604(a)(1). The appellate court’s reliance on the fourth amendment rationale in defendant’s motion to quash to suppress the statements to Rickert is tantamount to a direct review of the denial of that motion. 
Such review is not permitted under the limited scope of interlocutory jurisdiction imposed by our own rules
. Yet, here, in direct contradiction to this rule, the majority upholds the appellate court’s review of the order denying defendant’s motion to quash arrest on fourth amendment grounds as an alternative basis for suppressing her statements to Rickert.

By ignoring our rule’s explicit restrictions, the majority expands appellate jurisdiction in interlocutory matters to include issues that could not otherwise be reviewed prior to the issuance of a final judgment. See 188 Ill. 2d R. 604(a)(1) (restricting appellate jurisdiction in interlocutory appeals brought by the State, in relevant part, to orders “quashing an arrest ***; or suppressing evidence”). While I agree that 
after entry of a final judgment
, a reviewing court “ ‘can sustain the decision of a lower court for any appropriate reason, regardless of whether the lower court relied on those grounds and regardless of whether the lower court’s reasoning was correct’ ” (slip op. at 8, quoting 
People v. Novak
, 163 Ill. 2d 93, 101 (1994)), courts possess no such luxury in 
interlocutory appeals
 due to the strictures of Rule 604(a)(1).

Even though early review of other matters may appear to promote the goal of judicial efficiency, “[p]rinciples of judicial economy may not trump the jurisdictional barrier erected by Rule 604(a)(1) in this case.” Slip op. at 18. By refusing to enlarge the trial court’s suppression order to include defendant’s statements to Krakausky, the majority claims to uphold this fundamental principle. It fails, however, to apply this same principle, read in conjunction with the mandatory jurisdictional limitations of Rule 604(a)(1), to the statements defendant made to Rickert.

Moreover, case law already provides a possible avenue for obtaining interlocutory jurisdiction over trial court rulings not expressly under appeal. In 
Burtell v. First Charter Service Corp
., 76 Ill. 2d 427, 433-36 (1979), this court considered the threshold question of whether the appeal of a judgment entered on a specific date also conferred appellate jurisdiction over an otherwise nonappealable prior order. We explained that:

“When an appeal is taken from a specified judgment only, or from a part of a specified judgment, the court of review acquires no jurisdiction to review other judgments or parts thereof not so specified or not fairly to be inferred from the notice as intended to be presented for review on the appeal. If from the notice of appeal itself and the subsequent proceedings it appears that the appeal was intended, and the appellant and the appellee so understood, to have been taken from an unspecified judgment or part thereof, the notice of appeal may be construed as bringing up for review the unspecified part of the order or judgment. Such a construction would be appropriate where the specified order directly relates back to the judgment or order sought to be reviewed.” 
Burtell
, 76 Ill. 2d at 434.

We then stated that a prior unspecified order is reviewable only “if it is a ‘step in the procedural progression leading’ to the judgment specified in the notice of appeal. [Citation.]” 
Burtell
, 76 Ill. 2d at 435.

Although 
Burtell
 involved the appeal of a final judgment, the same rationale logically, and even more forcefully, applies to interlocutory appeals since, by definition, they have a limited scope of review. See 188 Ill. 2d R. 307 (limiting interlocutory appeals as of right), 155 Ill. 2d R. 308 (listing the requirements for seeking an interlocutory appeal by permission) 188 Ill. 2d R. 604 (limiting appeals by the State in criminal cases). See also 
Ericksen v. Village of Willow Springs
, 279 Ill. App. 3d 210, 214 (1995) (“An interlocutory order is one which does not dispose of all of the controversy between the parties”); 
Murges
, 254 Ill. App. 3d at 1080 (“ ‘An appeal under Rule 307 does not open the door to a general review of all orders entered by the trial court up to the date of the order that is appealed.’ [Citation.]”). Since 
Burtell
 limits the appellate court’s jurisdiction in appeals from even final judgments, we may not broaden that court’s jurisdiction in the context of inherently narrower, interlocutory appeals.

Under 
Burtell
, the appellate court’s judgment in this matter must be reversed. The State’s requisite certificate of substantial impairment accompanying its notice of appeal specified that “the order 
suppressing evidence
 *** substantially impairs the People’s ability to prosecute said case and *** therefore, the People are taking an appeal from said suppression order pursuant to Supreme Court Rule 604(a)(1).” (Emphasis added.) That order relied on only defendant’s inability to knowingly and voluntarily waive her right to remain silent since she was unaware that counsel had been retained and had called to advise her not to talk to the police. The State’s interlocutory appeal was limited, therefore, to the grounds for suppressing evidence alleged in that particular motion. Here, the motion to suppress asserted that defendant was not given proper access to counsel. It did not allege that her statements to Rickert should be suppressed because she was improperly arrested. That ground appeared only in defendant’s second motion, seeking to quash her arrest, that was ultimately denied by the trial court. Slip op. at 3. Neither the State’s notice of appeal nor its certificate of substantial impairment raised the propriety denying defendant’s motion to suppress on fourth amendment grounds, nor could they have done so under Rule 604(a)(1).

Since the only judgment before the appellate court was the trial court’s grant of defendant’s motion to suppress, decided on grounds based on defendant’s restricted access to counsel, under 
Burtell
 we must determine whether the unspecified order denying defendant’s claim of improper arrest is either a “ ‘step in the procedural progression leading’ to the” specified judgment (
Burtell
, 76 Ill. 2d at 435, quoting 
Elfman Motors, Inc. v. Chrysler Corp
., 567 F.2d 1252, 1254 (3d Cir. 1977)) or whether the proceedings and the parties’ conduct demonstrate that the appeal was intended to include that denial.

I conclude that the denial of the fourth amendment motion to quash was unrelated to the suppression of evidence on counsel grounds because the two issues do not involve similar factual or legal allegations. Defendant’s fourth amendment claim is based on her 10-hour detention in a locked interview room after voluntarily accompanying officers to the police station at 3:15 a.m. Her right to counsel claim concerns allegations that she was not properly informed that her family had retained legal counsel for her and that retained counsel had called with instructions not to speak to the police. Furthermore, these two claims are based on separate constitutional provisions and would, if accepted by the trial court, suppress different sets of statements. The trial court’s denial of defendant’s fourth amendment motion was not a procedural step leading to the grant of her motion to suppress based on access to counsel. Accordingly, the trial court’s order rejecting defendant’s fourth amendment claim was not reviewable as part of the State’s appeal of the separate ruling granting defendant’s motion to suppress.

In addition, the appellate briefs and arguments of the parties demonstrate that the State, as appellant, did not intend its interlocutory appeal to incorporate the propriety of the trial court’s denial of defendant’s fourth amendment claim. Indeed, the State did not have the right to seek review of an order 
refusing
 to suppress evidence. See 188 Ill. 2d R. 604(a)(1).

Since the denial of defendant’s motion to suppress on fourth amendment grounds does not satisfy the criteria outlined in 
Burtell
 and could not have been reviewed on interlocutory appeal under Rule 604(a)(1), it was outside the appellate court’s scope of review. By prematurely reviewing the case on the fourth amendment grounds alleged in defendant’s motion to quash, that court violated Rule 604(a)(1) and acted outside the scope of its jurisdiction. Its order should not be permitted to stand. Thus, I believe the appellate court’s judgment should be vacated and the cause remanded to that court to consider the propriety of suppressing defendant’s statements to Rickert on the grounds stated in her motion to suppress. Because I believe that the majority opinion in this case unwisely and unjustifiably expands the scope of appellate jurisdiction in interlocutory criminal appeals by the State, in direct contravention of the constraints imposed by our own Rule 604(a)(1), I respectfully dissent from that portion of the opinion.

FOOTNOTES
1:     
1
None of defendant’s pretrial motions are included in the record before this court. However, the transcript of the circuit court proceedings held on the motions is of record and, for purposes of this appeal, the contents of the motions can be fairly discerned therefrom.

2:     
2
Before this court, the parties describe the circuit court’s ruling as resting on fifth amendment grounds. This is incorrect. In suppressing the statements defendant made to Rickert, the circuit court relied on 
McCauley
 and 
Milestone
, decisions which interpreted article I, section 10, of the Illinois Constitution of 1970.

3:     
3
This court has previously referred to federal case law analyzing 18 U.S.C. §3731 when interpreting our Rule 604(a)(1). See, 
e.g.
, 
People v. Young
, 82 Ill. 2d 234 (1980).