2020 IL App (5th) 170483-U

NOTICE
Decision filed 08/18/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

NO. 5-17-0483

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 86-CF-112 |
| | ) | |
| GARY DAUBMAN, | ) | Honorable |
| | ) | Mark W. Stedelin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial judge did not err when he denied the defendant's motion for leave to file successive petition for postconviction relief, because the defendant did not meet the standard of making a *prima facie* showing of cause and prejudice in his successive petition for postconviction relief and the attached exhibits where it was clear from those documents that the defendant's legal theory would fail. See *People v. Bailey*, 2017 IL 121450, ¶ 21.

¶ 2    The defendant, Gary Daubman, appeals the denial, by the circuit court of Marion County, of his motion for leave to file a successive petition for postconviction relief. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The facts necessary to our disposition of this appeal follow. On April 2, 1987, the defendant entered a plea of guilty to the charge of first degree murder for his role as the shooter in the for-

1

hire, execution-style killing of Robert D. Alderson Jr. In exchange for the defendant's plea of guilty, the State agreed not to pursue the death penalty in this case, to drop additional charges in this case, and not pursue charges against the defendant in other potential cases in two other Illinois counties. The defendant—who was 22 years old at the time of his guilty plea, and 21 years old when he committed the murder—was sentenced to natural life in prison, with no possibility of parole. His conviction and sentence have withstood challenges on direct appeal, and following his filing of a petition for postconviction relief.

¶ 5     On July 31, 2017, the defendant filed the motion for leave to file a successive petition for postconviction relief that presently is before this court on appeal. Therein, the defendant raised as-applied claims against his sentence of natural life in prison without the possibility of parole under the eighth amendment to the United States Constitution and article I, section 11, of the Illinois Constitution, pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), and related cases. The trial judge denied the motion, reasoning that the defendant's conviction and sentence did not run afoul of those cases because, in this case, the defendant entered a fully negotiated guilty plea. This timely appeal followed.

¶ 6                                    II. ANALYSIS

¶ 7     On appeal, the defendant contends the trial judge erred by denying the defendant's motion for leave to file his successive petition for postconviction relief, because the defendant "made a *prima facie* showing of cause and prejudice with regard to his as-applied claims based on *Miller v. Alabama*, 567 U.S. 460 (2012), and its progeny." Specifically, the defendant argues that the Illinois Supreme Court has "made clear that a young adult may rely on *Miller* in support of an as-applied claim that, under the 'specific facts and circumstances' of his case, a sentence of life without parole violates the Eighth Amendment and/or the proportionate penalties clause" of the Illinois Constitution. The specific facts and circumstances that defendant relies upon in this case

2

are his allegations that (1) he was more like a juvenile than an adult when he committed his crimes at age 21, because he had "a brain maturity of a 16 year old," an extremely limited education due in part to "learning disabilities," and mental health and substance abuse issues, (2) he was younger than his codefendants and that the facts of his crime show it to be the result of peer pressure and the rash decision-making typical of juveniles and young adults, and (3) had the trial judge understood and considered the importance of the defendant's youthful limitations, the defendant would have been sentenced to a term of years rather than to natural life in prison without the possibility of parole.

¶ 8    The State counters that the defendant has failed to adequately allege cause and prejudice, both of which are required for leave to file a successive postconviction petition. In particular, the State contends the defendant's claim that he had the brain maturity of a 16-year-old is unsupported by anything in the record, and that his claim that he committed the murder as a result of peer pressure is likewise rebutted by the record. The State also contends it is a dubious proposition that the trial judge would have been persuaded by the defendant's "youthful limitations" to sentence the defendant to a term of years, particularly in light of the violent criminal record the defendant had accrued by the age of 21, which included the fact that the defendant was on parole at the time he committed the murder in this case.

¶ 9    In reply, the defendant contends that he was required to make only a *prima facie* showing of cause and prejudice in his successive petition for postconviction relief, and the attached exhibits, and did so. The defendant posits that the State's desire to reach the merits of the defendant's claims, by an examination of the record, is at this point premature, because the defendant "has specifically requested relief in the form of the filing of, and further proceedings on, his successive postconviction petition, and he has expressly disclaimed any request for this Court to reach the merits of his *Miller*-based claims." The defendant also acknowledges our recent decision in *People*

*v. White*, 2020 IL App (5th) 170345, but claims it is distinguishable. Subsequent to the filing of the defendant's reply brief, the State filed a motion to cite additional authority (which this court granted) in which it, too, raised the relevance of our decision in *White* to the present appeal.

¶ 10     We begin our analysis by pointing out that we may affirm the ruling of a trial judge on any basis supported by the record. See, *e.g.*, *Evans v. Lima Lima Flight Team, Inc.*, 373 Ill. App. 3d 407, 418 (2007); see also, *e.g.*, *People v. Johnson*, 208 Ill. 2d 118, 134 (2003). We may do so because the question before us on appeal is the correctness of the result reached by the trial judge, rather than the correctness of the reasoning upon which that result was reached. See, *e.g.*, *Johnson*, 208 Ill. 2d at 128. Moreover, as the defendant points out, this court reviews *de novo* the denial of a motion for leave to file a successive postconviction petition. See, *e.g.*, *People v. Bailey*, 2017 IL 121450, ¶ 13. A motion for leave to file a successive postconviction petition should be granted where the petitioner adequately alleges facts demonstrating cause and prejudice. *Id.* ¶ 24; see also 725 ILCS 5/122-1(f) (West 2016) (outlining cause and prejudice requirement for successive postconviction petitions). The petitioner does not have to *prove* cause and prejudice in order to file a successive postconviction petition; rather, a petitioner, in the petitioner's pleadings, need make only "a *prima facie* showing of cause and prejudice." *Bailey*, 2017 IL 121450, ¶ 25. When reviewing a motion for leave to file a successive postconviction petition, the trial judge is to perform a "preliminary screening" to verify that the petitioner has met the pleading standard for cause and prejudice. *Id.* ¶ 24. To meet that pleading standard, the petitioner must submit enough documentation for the trial judge to make that determination. *Id.* ¶ 21. If it is clear from the documentation provided that the legal claims fail, or the successive petition with supporting documentation is insufficient to justify further proceedings, the motion for leave to file the successive petition should be denied. *Id.* As a general rule, because our state statutes contemplate

4

the filing of only one postconviction petition, "successive postconviction petitions are highly disfavored" under Illinois law. *Id.* ¶ 39.

¶ 11     In *People v. White*, 2020 IL App (5th) 170345, ¶ 13, this court addressed the denial of a motion for leave to file a successive postconviction petition in circumstances very similar to those in the present case: the assertion by a defendant that his natural life sentences violated the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) as applied to him because he was "a 20 year old minor" when the murders occurred, and the trial court did not consider his youth and rehabilitative potential. We noted the general rules that, to make the required *prima facie* showings, "[a] defendant shows cause by identifying an objective factor that impeded [the defendant's] ability to raise a specific claim in [the defendant's] initial postconviction petition," and that "[a] defendant shows prejudice by demonstrating that the claim not raised in [the] initial postconviction petition so infected [the] trial that the resulting conviction or sentence violated due process." *Id.* ¶ 18. We held that the defendant in *White* could not establish the necessary *prima facie* showing of prejudice, because the legal claims he sought to raise were not legally cognizable. *Id*. We reasoned that recent legislation from the Illinois General Assembly demonstrates that, even post-*Miller*, "according to current sentencing laws, [a] defendant at age 20 [is] an adult," and that "the *Miller* protections under the eighth amendment are simply not implicated in cases of adult offenders." *Id.* ¶¶ 19-20. We added that therefore "the defendant [could] not benefit from the specific considerations that attend youth at sentencing," and that "[m]oreover, with respect to his 'as-applied' constitutional challenge under the eighth amendment, the allegations presented in the defendant's postconviction petition and appellate brief fail to demonstrate that the particular facts and circumstances of his case made him more akin to a

5

juvenile subject to *Miller* protections and less like an adult, or that his mandatory life sentence for a double murder of two individuals is cruel and unusual." *Id.* ¶ 20.

¶ 12　　With regard to the defendant's proportionate penalties argument under our state constitution, we added that the defendant's "flat allegation as to evolving science on juvenile maturity and brain development [was] simply insufficient" to meet the requirements to be entitled to file a successive postconviction petition, because "[o]ther than generally asserting studies that show that sometimes youthfulness can extend into a person's twenties, the defendant does not now allege how he was particularly affected by any immaturity, and it is undisputed that he did not suffer from any cognitive or developmental impairments." *Id.* ¶ 24. We further noted that "the allegations relating to his family history [did] not rise to the level of special circumstances that would provide a compelling reason to advance his successive postconviction petition." *Id*. We rejected the defendant's reliance on *People v. House*, 2019 IL App (1st) 110580-B, because, *inter alia*, that decision involved a defendant who "was age 19 during the offense, minimally culpable since he acted as a lookout, and had no prior violent criminal history." *White*, 2020 IL App (5th) 170345, ¶ 27. We noted that the defendant in *White*, to the contrary, "was not a teenager on the cusp between a juvenile and adult who was minimally culpable," but rather "was far from the 'least culpable offender imaginable,' " because the defendant "developed an intricate plan for the murders, executed those plans, and elicited the aid of his younger brother in doing so." *Id*. ¶ 28. We concluded that "the evidence established that the defendant was the principal offender and was far from minimally culpable." *Id*. Thereafter, we reiterated that the defendant could not "establish the necessary prejudice because his claims are legally meritless and his factual assertions unsupported, and his successive petition is insufficient to justify further proceedings." *Id*. ¶ 31.

¶ 13　　In this appeal, the defendant attempts to distinguish our recent decision in *White* by noting that here, unlike in *White*, the defendant has "alleged not just that young adults generally are more

6

like juveniles in constitutionally relevant ways, such as susceptibility to peer pressure, difficulty understanding and appreciating the future consequences of present actions, and volatility in emotionally charged settings," but also "that he specifically was more like a juvenile than an adult when he committed his crime at age 21, because he had 'a brain maturity of a 16 year old,' an extremely limited education due in part to 'learning disabilities' and mental health and substance abuse issues." The defendant notes that he has "provided affidavits and school records indicating that he had 'learning disabilities' and a 'brain development disorder,' was mentally 'slow' or 'slower,' did not continue past the ninth grade and was in special education classes at school, and was 'easily talked into doing things.' " He further notes that he has "alleged that he was younger than each of his many codefendants and that the facts of his crime show it to be the result of peer pressure and the rash decision-making so typical of juveniles and young adults." The State, on the other hand, contends in its motion to cite *White* as additional authority that the defendant's allegations are, in part, rebutted by the record, and are, in any event, not sufficient to meet the standard of making a *prima facie* showing of cause and prejudice in his successive petition for postconviction relief with the attached exhibits.

¶ 14    Subsequent to our decision in *White*, we issued our opinion in *People v. Green*, 2020 IL App (5th) 170462. Therein, we reiterated our decision in *White*, noting that there is no legal merit to a claim under either the eighth amendment of the United States Constitution (U.S. Const., amend. VIII), or the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), where the defendant was over 18 years old at the time of the murder, and the defendant's conviction was based upon the defendant's direct participation in the murder, rather than on the basis of an accountability theory. *Green*, 2020 IL App (5th) 170462, ¶¶ 29-30, 37. Applying the reasoning of our decisions in *White* and *Green*, we conclude that the defendant's claim in this case is not legally cognizable either, because the defendant was in fact 21 years old

7

when he acted as the shooter, and therefore directly participated in the for-hire, execution-style murder in this case. As a result, the defendant cannot avail himself of the protections found in *Miller* and its progeny, regardless of the allegation he has made that, cognitively, he was "more like" a juvenile than an adult when he committed the murder. See *Green*, 2020 IL App (5th) 170462, ¶ 29 ("our supreme court has declined to extend *Miller* to offenders who are 18 years of age or older, finding that the *Miller* Court 'confirmed that the age of 18 is the legal line separating adults from juveniles' and that the protections of *Miller* only apply to juvenile offenders" (citing *People v. Harris*, 2018 IL 121932, ¶¶ 58-61)); see also *People v. Ybarra*, 2016 IL App (1st) 142407, ¶¶ 27, 30 (rejecting proportionate penalties claim under Illinois Constitution because defendant—although "also a young adult at 20 years old," as well as someone who had, *inter alia*, diminished cognitive abilities and learning disabilities–was nevertheless "a legal adult" who directly participated in the execution-style murders in question as the "actual shooter"). Accordingly, the trial judge did not err when he denied the defendant's motion for leave to file a successive postconviction petition. See *Bailey*, 2017 IL 121450, ¶ 21 (if it is clear that the legal claims fail, or the successive petition with supporting documentation is insufficient to justify further proceedings, the motion for leave to file a successive petition should be denied).

¶ 15                                III. CONCLUSION

¶ 16    For the foregoing reasons, we affirm the denial of the defendant's motion for leave to file a successive postconviction petition.


¶ 17    Affirmed.