NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220926-U

NO. 4-22-0926

IN THE APPELLATE COURT

FILED
May 9, 2023
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Hancock County |
| SCOT A. FLORA, | ) | No. 22CF41 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Rodney G. Clark, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court erred by granting the motion to suppress evidence discovered during a vehicle search after a canine alert.

¶ 2    In April 2022, the State charged defendant, Scot A. Flora, with unlawful possession of methamphetamine (720 ILCS 646/60(b)(1) (West 2020)).  Defendant filed a motion to suppress evidence obtained during an allegedly illegal search of the vehicle in which he was a passenger.  After an August 2022 hearing, the Hancock County circuit court granted defendant's motion and suppressed the State's evidence.  The State then filed a certificate of impairment and an appeal under Illinois Supreme Court Rule 604(a) (eff. July 1, 2017).  We reverse and remand for further proceedings.

¶ 3                                  I. BACKGROUND

¶ 4    The unlawful possession of methamphetamine charge stems from defendant's

alleged actions on April 12 to April 13, 2022. Following a traffic stop, police discovered a substance containing methamphetamine on a glass tube stored in a plastic container, which was located in the trunk of the vehicle in which defendant was a passenger. In his motion to suppress, defendant asserted the search of the vehicle was based on a canine alert. The canine had been trained to alert on the odor of cannabis. Defendant asserted cannabis was a legal substance and its odor alone did not indicate unlawful activity. Accordingly, he argued a search based on an alert by a canine trained to detect a legal substance does not provide probable cause. The State filed a response, asserting defendant's motion should be denied because the legalization of small amounts of cannabis did not change the existing case law finding the odor of cannabis alone sufficient to establish probable cause to search a vehicle. Moreover, the State argued the fact the canine could detect cannabis is irrelevant in this case, where the canine was trained to detect methamphetamine and methamphetamine was found in the vehicle. The State also argued transporting cannabis should not be treated the same as transporting alcohol. Last, the State noted cannabis remains illegal at the federal level.

¶ 5    On August 16, 2022, the circuit court held a hearing on defendant's motion to suppress. The parties stipulated to the facts at the hearing, and those facts relevant to the issue on appeal follow.

¶ 6    Deputy Rhea Flambeau and Deputy Willo Quivey were on duty in the same patrol car on April 12, 2022, at approximately 11:57 p.m., when they stopped a vehicle for failing to utilize a turn signal in making a lane change. The parties agreed the officers had probable cause to initiate a traffic stop based on a violation of section 11-804 of the Illinois Vehicle Code (625 ILCS 5/11-804 (West 2020)). The driver of the vehicle was Teresa Snodgrass, and defendant was in the passenger seat. Deputy Flambeau had knowledge of both Snodgrass and defendant

being associated with the possession and delivery of methamphetamine. While Deputy Quivey ran both occupants' identification through dispatch, Deputy Flambeau deployed his canine to conduct "a free-air sniff on the vehicle." Deputy Flambeau and his canine had completed extensive training in drug detection and were certified. The canine was trained to alert to the presence of any odor of cannabis, cocaine, methamphetamine, or heroin. A canine alert may also indicate items recently contaminated with or associated with the odor of one or more of the aforementioned narcotics. However, the canine was not trained to communicate which odor of drug he alerted to. Deputy Flambeau's canine alerted at the vehicle's passenger door. The parties agreed the canine alert did not unlawfully extend the duration of the traffic stop. After the canine alert, the deputies removed Snodgrass and defendant from the vehicle and searched their persons. They found no illegal items on Snodgrass and defendant.

¶ 7        The deputies then searched the vehicle. Both Snodgrass and defendant were calm while the vehicle was being searched. However, when Deputy Flambeau got to the trunk of the vehicle, defendant began displaying nervous behavior. As Deputy Flambeau opened the trunk, defendant came up to him and said there was nothing inside the car. The deputy asked defendant to return to the squad car, and defendant volunteered a clean glass bong belonging to him was in the trunk. In the trunk, Deputy Flambeau located a plastic box containing several glass pipes, one of which had black burn marks and residue inside it. Based on his training, background, and experience, Deputy Flambeau knew the pipe was commonly associated with the consumption of methamphetamine. When Deputy Flambeau brought the plastic box to the squad car, defendant spontaneously stated the box belonged to him. Deputy Flambeau field-tested the pipe, which tested positive for methamphetamine.

¶ 8        In addition to the stipulated facts, the State presented the dash-camera video and

the in-car video of the stop and four photographs.

¶ 9 On September 29, 2022, the circuit court filed a written opinion concluding the deputies lacked probable cause to search the vehicle. In reaching that conclusion, the court found instructive the decision of the Appellate Court, Third District in *People v. Stribling*, 2022 IL App (3d) 210098. It concluded that, since the dog alert could have been for a legal substance, it was "just not enough for a 'reasonable' officer to conclude considering all the surrounding circumstances that contraband or evidence of a crime was present." On October 6, 2022, the court filed a written order granting defendant's motion to suppress. On October 14, 2022, the State filed a certificate of impairment and a notice of appeal from the circuit court's order granting defendant's motion to suppress. The notice of appeal was timely filed and in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021). Thus, we have jurisdiction under Illinois Supreme Court Rule 604(a) (eff. July 1, 2017).

¶ 10                                                    II. ANALYSIS

¶ 11 The State appeals the circuit court's order granting defendant's motion to suppress evidence discovered during the vehicle search after the canine alert. In reviewing a circuit court's decision on a motion to suppress evidence, this court applies the two-part standard of review announced by the United States Supreme Court in *Ornelas v. United States*, 517 U.S. 690, 699 (1996). *People v. Aljohani*, 2022 IL 127037, ¶ 28. Under that standard, this court reviews the circuit court's findings of historical fact for clear error and may reject them only if they are against the manifest weight of the evidence, but we review *de novo* the circuit court's ultimate ruling as to whether suppression is warranted. *Aljohani*, 2022 IL 127037, ¶ 28. With a motion to suppress, the defendant bears the burden of establishing a *prima facie* case the evidence at issue was obtained by an illegal search. *People v. Bass*, 2021 IL 125434, ¶ 21, 182

N.E.3d 714. Once the defendant makes out a *prima facie* case the search was unreasonable, the burden shifts to the State to present evidence to rebut it. *Bass*, 2021 IL 125434, ¶ 21.

¶ 12 Both the United States and Illinois Constitutions provide citizens the right to be free from unreasonable searches and seizures. U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6. "Generally, a search is *per se* unreasonable if conducted without a warrant supported by probable cause and approved by a judge or magistrate." *People v. Hill*, 2020 IL 124595, ¶ 20, 162 N.E.3d 260. One of the recognized exceptions to the aforementioned rule is for searches of vehicles, given the impracticability of securing a warrant before the vehicle escapes the jurisdiction in which the warrant must be sought. *Hill*, 2020 IL 124595, ¶ 21. While a warrant is not required for a vehicle search, officers must still have probable cause to search the vehicle. *Hill*, 2020 IL 124595, ¶ 22.

¶ 13 An officer has probable cause when the totality of the facts and circumstances known to the officer at the time of the search would justify a reasonable person in believing the vehicle contains contraband or evidence of criminal activity. *Hill*, 2020 IL 124595, ¶ 23. "In determining whether probable cause exists, officers may rely on their law-enforcement training and experience to make inferences that might evade an untrained civilian." *Hill*, 2020 IL 124595, ¶ 23. As such, a reviewing court determines probable cause through the standpoint of an objectively reasonable officer. *Hill*, 2020 IL 124595, ¶ 23. Moreover, probable cause deals with probabilities and not certainties. *Hill*, 2020 IL 124595, ¶ 24. It is a flexible, commonsense standard that does not require a showing a particular belief is correct or more likely true than false. *Hill*, 2020 IL 124595, ¶ 24. Thus, to establish probable cause, an officer need not rule out any innocent explanations for suspicious facts. *Hill*, 2020 IL 124595, ¶ 24. The standard only requires the facts available to the officer, including the plausibility of an innocent explanation,

would lead a reasonable person to believe a reasonable probability exists certain items might be contraband or evidence of a crime. *Hill*, 2020 IL 124595, ¶ 24. With a canine alert, the inquiry is whether all the facts surrounding the canine's alert, viewed through the lens of common sense, would make a reasonably prudent person think a search would reveal contraband or evidence of a crime. *Florida v. Harris*, 568 U.S. 237, 248 (2013).

¶ 14　　　　Here, both the driver of the searched vehicle and defendant, the passenger, were known to Deputy Flambeau as having a history of methamphetamine possession and delivery. We find that knowledge, along with the canine alert by a trained and certified canine, is sufficient for a reasonably prudent person to think a search would reveal evidence of methamphetamine, which is indisputably contraband.

¶ 15　　　　Even if only the canine alert was the basis for probable cause, this court recently found a positive alert by a canine certified and trained to detect five narcotic substances, including cannabis, was sufficient to establish probable cause. *People v. Mallery*, 2023 IL App (4th) 220528, ¶ 49. This court reached that conclusion despite the recent changes in the law regarding the legalization of small amounts of cannabis. *Mallery*, 2023 IL App (4th) 220528, ¶ 49. We noted, " 'there are still, among other things, (1) illegal ways to transport it, (2) illegal places to consume it, and (3) illegal amounts of it to possess.' " *Mallery*, 2023 IL App (4th) 220528, ¶ 49 (quoting *People v. Molina*, 2022 IL App (4th) 220152, ¶ 43, *appeal allowed*, No. 129237). Like the canine in *Mallery*, the canine in this case was trained and certified in detecting multiple narcotics, including cannabis, and gave a positive alert on the passenger door. Additionally, this court has disagreed with the Third District's holding and reasoning in *Stribling*, which was noted in the circuit court's decision in this case. *Molina*, 2022 IL App (4th) 220152, ¶ 55. Thus, we find probable cause existed based on the positive canine alert alone.

¶ 16        Defendant urges us to affirm the circuit court's decision on the basis the canine sniff itself was an illegal search because the canine was trained to alert on cannabis, a noncontraband item, and the police officers did not have probable cause to search the box in the trunk of the car. He recognizes he did not raise these issues in the circuit court but contends the circuit court's judgment may be affirmed on any ground of record. See *People v. Johnson*, 208 Ill. 2d 118, 129, 803 N.E.2d 442, 449 (2003). Defendant further notes such affirmation is appropriate where the factual basis for the defendant's claim was fully developed in the circuit court and the issue was then fully briefed and argued in the appellate court. *Johnson*, 208 Ill. 2d at 134-35, 803 N.E.2d at 452. However, defendant fails to fully brief and develop his arguments. As to his first basis for affirmation, defendant's argument is very brief (less than a page) and lacks citation to authority for the assertion the canine sniff was a search of the vehicle because cannabis is not contraband. Regarding the second basis, the State contends the record was not developed to address the argument and notes only stipulated facts as to the issues raised in the motion to suppress were presented to the circuit court. We note defendant's argument is again brief. Moreover, with regard to his suggestion probable cause to search a vehicle does not extend to the vehicle's trunk, defendant cites only cases involving the search incident to arrest exception to the warrant requirement and not the automobile exception. See *Arizona v. Gant*, 556 U.S. 332, 335 (2009); *People v. Cregan*, 2014 IL 113600, ¶ 1, 10 N.E.3d 1196; *People v. Frias*, 393 Ill. App. 3d 331, 336, 912 N.E.2d 1236, 1240 (2009). He also does not cite cases addressing the scope of a search based on a canine alert. Additionally, defendant fails to discuss his actions and demeanor as the police officers got ready to search the vehicle's trunk. Thus, we disagree with defendant he fully briefed the issues and decline to affirm the circuit court on the bases he raises for the first time in his appellee brief. We emphasize this court is not a repository

- 7 -

into which the parties may dump the burden of argument and research. *See v. Illinois Gaming Board*, 2020 IL App (1st) 192200, ¶ 24, 170 N.E.3d 195.

¶ 17 Accordingly, we find the deputies in this case did have probable cause to search the vehicle in which defendant was a passenger and the circuit court erred by granting defendant's motion to suppress.

¶ 18                               III. CONCLUSION

¶ 19 For the reasons stated, we reverse the Hancock County circuit court's judgment and remand the cause for further proceedings.

¶ 20 Reversed and remanded.