**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Norman OLT, Defendant-Appellee.**

**No. 73–1995.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 4, 1974.

Decided Feb. 28, 1974.

Arthur B. Lara, Jr., Dept. of Justice, Washington, D. C., for appellant; William W. Milligan, U. S. Atty., Anthony W. Nyktas, Asst. U. S. Atty., Cincinnati, Ohio, on brief.

Anthony Valen, Middletown, Ohio, on brief for appellee.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and ROSENSTEIN,* Senior Customs Judge.

ROSENSTEIN, Senior Customs Judge.

The issue presented herein is whether the information contained in an affidavit established probable cause for issuance of a search warrant. The lower court found the affidavit insufficient and sustained appellee's motion to suppress. We reverse.

A copy of the affidavit is attached hereto as an appendix. Based on the information contained therein, a magistrate of the Butler County, Ohio, Common Pleas Court issued a warrant providing for the search of:

"The residence at 4103 Harris Road, . . . and the adjacent and attached apartment residence at 4105 Harris Road, both apartments comprising the entire building."

Execution of the warrant by federal and state law enforcement officers resulted in the seizure of 36,650 tablets of barbiturates and phenobarbital at appellee's residence at 4105 Harris Road, Oxford, Ohio. Appellee was subsequently indicted by a Federal Grand Jury charging violation of 21 U.S.C. § 841(a)(1).

Thereafter, he moved the lower court to suppress the seized illegal drugs on the grounds, (1) that the affidavit failed to establish probable cause for the issuance of the search warrant, and (2) that the affidavit lacked specification as to time. In sustaining appellee's argument relating to probable cause, the lower court, in the Order appealed from, stated that:

"As indicated above, from the affidavit the Judge could only have probable cause to believe that the fifty pounds of marijuana was located at 4103 or 4105 Harris Road—one or the other —but not both. The affidavit shows probable cause for one of two, but not the two, and not which one of the two."

Appellee's second argument relating to specification of time was overruled.

■ The following principles are applicable to a warrant directing the search of two or more dwellings:

"For purposes of satisfying the Fourth Amendment, searching two or more apartments in the same building is no different than searching two or more completely separate houses. Probable cause must be shown for searching each house or, in this case, each apartment. If such cause is shown there is no reason for requiring a separate warrant for each resident. A single warrant may cover several different places or residences in a single building. But probable cause must be shown for searching each residence unless it be shown that, although appearing to be a building of several apartments, the entire building is actually being used as a single unit." United States v. Hinton, 219 F.2d 324, 325–326 (7th Cir. 1955); United States v. Higgins, 428 F.2d 232, 235 (7th Cir. 1970).

■ To determine if the affidavit established probable cause for the search

* Senior Judge Samuel H. Rosenstein, United States Customs Court, sitting by designation.

of 4105 Harris Road, the guidelines announced in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), must be applied:

"The Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." 380 U.S. at 108, 85 S.Ct. at 746; United States v. Harris, 403 U.S. 573, 577, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1970).

■ While Harker's reference in the affidavit to the fact that the marijuana was located at his "neighbors" may be lacking in specificity, it is capable of being interpreted in such a fashion to mean that the marijuana was located at both of his neighbors. Moreover, when this allegation is construed in a non-negative non-grudging sense together with the remaining facts in the affidavit indicating a strong connection between all of the residents involved, it appears that the magistrate was not acting arbitrarily or unreasonably in issuing the warrant providing for the search of 4103 and 4105 Harris Road, see Bastida v. Henderson, 487 F.2d 860, 863 (5th Cir. 1973).

In keeping with the teachings of *Ventresca, Harris* and *Bastida,* we find that too narrow a construction was given the affidavit by the lower court. Accordingly, we rule that the affidavit did contain sufficient information to establish probable cause for the search warrant.

Since appellee cannot cross-appeal in a 18 U.S.C. § 3731 proceeding, we do not reach the issue of specification of time.

Reversed and remanded.

## APPENDIX

### APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT THE COMMON PLEAS COURT

STATE OF OHIO ⎱ ss:
BUTLER COUNTY ⎰

BE IT REMEMBERED, That on this day before me, the undersigned, Judge personally appeared Special Agent Thomas Powell, BNDD, who being first duly sworn according to law, deposeth and saith that within Milford Township, County of Butler, State of Ohio, and within the jurisdiction of the Common Pleas Court, as this affiant believes and has good cause to believe, in a certain house or place, there is unlawfully concealed and possessed certain Hallucinogenic Drugs including marijuana, LSD; Barbiturates, Amphetimines; Narcotics, Instruments such as needles for the administration of such drugs, Papers, Rollers, and other articles used in the preparation and use of such drugs and that said affiant believes or has good cause to believe that said property, or some part thereof, is concealed and possessed in violation of law, viz:

Sec. 3719.41 O.R.C. Possession of Hallucinogens

Sec. 3719.09 ORC Possession of Narcotics

Sec. 3719.172 O.R.C. Possession of Instruments

Sec. 3719.020 O.R.C. Possession of Drugs for Sale

on certain premises described as follows, to wit: The residence at 4103 Harris Road, a duplex apartment building, Red and White Multicolored Brick Construction, on the South side of Harris Road; and the attached and adjacent apartment residence at 4105 Harris Road, both apartments comprising the entire building which premises are located within Milford Township, County of Butler and

State of Ohio, within the jurisdiction of this Court; and that such belief is based upon the following facts, to wit: This affiant has purchased 6,877 Grams of LSD from the Usual resident of the apartment at 4121 Harris Road, one David Harker. Harker has been observed coming and going freely between the apartment building in which 4105 and 4103 Harris Road are located. This affiant was told by Harker that he would sell him 50 Lbs. of Marijuana which located at his neighbors. Harker did not specify which neighboring unit. Harker has free access to all three apartments having been observed entering them by agents of BNDD and the Butler County Sheriff's Department. This affiant was told by Harker that there are guns kept in these apartment buildings and that they would be used to avoid apprehension. This affiant, other Agents of BNDD and the Butler County Sheriff's Department have all personally observed Harker and other residents of these buildings target shooting with guns outside the two apartment buildings on Harris Road. Because of the known presence of these weapons in this building and the likelihood that they would be used against officers executing a search warrant it is requested that the search warrant which issues include authority to enter these apartments without prior announcement or identification of police officers and without knocking prior to entry.

Affiant further says that there is urgent necessity that the above premises be searched in the night time to prevent such contraband articles from being concealed or removed and unable to be found.

(Signature) /s/ THOMAS POWELL

Sworn to before me and subscribed in my presence this 15th day of November, A.D. 1972.

Butler County Common Pleas Court

/s/ ROBERT L. MARRS

(SEAL)    Robert L. Marrs,

TIME OF DAY:    Judge