**UNITED STATES of America, Plaintiff**

**v.**

**Edwin Joel MONTIJO–GONZALEZ (1), Defendant.**

**Criminal No. 12–786 (DRD).**

United States District Court, D. Puerto Rico.

Sept. 13, 2013.

the regulation is inapplicable in McCaffrey's case.

**98**

Diego H. Alcala–Laboy, Federal Public Defender's Office, San Juan, PR, Hector E. Guzman–Silva, Federal Public Defender's Office, Hato Rey, PR, for Defendant.

## OPINION AND ORDER ADOPTING UNOPPOSED REPORT AND RECOMMENDATION

DOMÍNGUEZ, Senior District Judge.

This case stems from a single count indictment charging defendant with possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) related to the execution of a search warrant on Apartment 62, Building 7, of the Enrique Zorrilla Public Housing Project in Manatí, Puerto Rico ("Zorrilla Public Housing")(Docket No. 15). The search warrant was issued by a state court judge and it encompassed the search of all twelve apartments of Building 7, Apartments 57 to 68 of the Zorrilla Public Housing for the purposes of locating and/or seizing controlled substances (Docket No. 29). The search warrant was supported by an affidavit proffered by Puerto Rico police officers and by an internal security guard of the Zorrilla Public Housing.

Pending before this Court is a motion to suppress the firearm seized during the search of Apartment 62 and the incriminating statements regarding the firearm made by Defendant after his arrest (Docket No. 29). As to the firearm seized in Apartment 62, Defendant challenges the legality of the search warrant alleging violations to his rights under the Fourth Amendment. Defendant also seeks to suppress the incriminating statements as to the seized firearm which he made after his arrest alleging that those statements were "fruit of the poisonous tree" because they were obtained as a result of violations to Defendant's Fourth Amendment rights. Lastly, Defendant requests an evidentiary hearing to discuss suppression matters.

The Government opposed the motion to suppress, alleging Defendant lacks standing to challenge the legality of the search warrant because he is not the lessee of Apartment 62 and because he did not proffer evidence of his status as an "invited guest" of Apartment 62. The Government also opposed Defendant's request for evidentiary hearing arguing that Defendant failed to raise a genuine issue as to a material fact that would warrant an evidentiary hearing (Docket No. 37).

The motion to suppress was referred to Magistrate Judge Marcos E. López for a Report and Recommendation ("R & R") (Docket No. 34). Magistrate Judge Marcos E. López issued his R & R, recommending that the motion to suppress be denied[1]

---

1. Rather than repeating the set of facts that pertain to the instant case in their entirety, the Court hereby **ACCEPTS, ADOPTS AND INCORPORATES** by reference the Magistrate Judge's findings of fact *in toto*, particularly as

neither party has objected to the Magistrate Judge's presentation of the facts.

"Where, as here, a [Magistrate Judge] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words

(Docket No. 47). The Magistrate Judge found that, at this stage of the proceedings, the Court was unable to make a determination as to Defendant's standing to challenge the validity of the search warrant under the Fourth Amendment because Defendant's "assertions are not supported by an unsworn statement under penalty of perjury or affidavit" or by any other documentary evidence to such effect (Docket No. 34, page 2). Thus, the Magistrate Judge's recommendation to deny the motion to suppress is based in part on the existence of probable cause for the issuance of the search warrant and on the applicability of the good-faith exception to the exclusionary rule.

Instead of filing an opposition to the R & R, Defendant filed a motion for reconsideration of the same alleging that the Magistrate Judge failed to consider Defendant's reply to the Government's opposition to the motion to suppress. Defendant also requested the Court to vacate the deadline for submitting the opposition to the R & R until the Magistrate Judge ruled on the motion for reconsideration (Docket No. 51). The motion for reconsideration was denied because the allegations included in Defendant's reply (i.e., standing to challenge search warrant; necessity of probable cause for issuance of search warrant; and good faith exception to the exclusionary rule (Docket No. 44–1)) were all addressed and sufficiently discussed in the R & R (Docket No. 52). The Court notes that the Magistrate Judge did not address Defendant's request for vacating, or rather enlarging, the period to file oppositions to the R & R in his Opinion and Order denying the motion for reconsideration. The Court further notes that Defen-

dant failed to file an opposition to the R & R after the Magistrate Judge ruled on the motion for reconsideration.

Upon review of the R & R issued by Magistrate Judge Marcos E. López (Docket No. 47), and taking into consideration that Defendant failed to oppose it, the Court hereby **ACCEPTS, ADOPTS** and **INCORPORATES** the R & R as outlined below.

## I. MAGISTRATE'S REPORT AND RECOMMENDATION

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See also* Fed.R.Civ.P. 72(b); D.P.R. Civ. R. 72(a), Local Rules, District of Puerto Rico; and *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Nonetheless, an adversely affected party may contest the Magistrate Judge's Report and Recommendation by filing its objections to the recommendations made. Fed.R.Civ.P. 72(b). In such respect, 28 U.S.C. § 636(b)(1), in pertinent part, provides that:

> [w]ithin fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. **A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.** A judge of the court may accept, reject, or modify, in whole or in part, the

resonate." *In re San Juan Dupont Plaza Hotel Fire Litigation,* 989 F.2d 36, 38 (1st Cir.1993). "The Court need not go further for it refuses to write 'at length to no other end than to hear its own words resonate.'"

*Vega–Morales v. Commissioner of Social Security,* 380 F.Supp.2d 54, 60 (2005) (quoting *Lawton v. State Mut. Life Assu. Co. of Am.,* 101 F.3d 218, 220 (1st Cir.1996)).

findings or recommendations made by the magistrate judge.

(Emphasis added).

■ "Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992). *See also Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir.1988); *Borden v. Sec. of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"); *United States v. Valencia*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980).

■ The Court, in order to accept unopposed portions of the Magistrate Judge's Report and Recommendation, needs only satisfy itself that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir.1996) (en banc) (extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982) (en banc) (appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *Nogueras–Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R.2001) (finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous") (adopting the Advisory Committee note regarding FED. R.CIV. P. 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa.1990) (finding that "when no objections are filed, the district court need only review the record for plain error").

■ An adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten² days of being served' with a copy of the order." *United States v. Mercado Pagan*, 286 F.Supp.2d 231, 233 (D.P.R.2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendation to which an objection is made. *See Bonefont–Igaravidez v. International Shipping Corp.*, 659 F.3d 120 (1st Cir.2011); and *Iverson v. City of Boston*, 452 F.3d 94, 98 (1st Cir. 2006). In reviewing objections, this Court need not "consider frivolous, conclusive, or general objections." *Espada–Santiago v. Hospital Episcopal San Lucas*, Civil No. 07–2221, 2009 WL 702350 at *1 (D.P.R. 2009); *see also Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991) (holding that "[a] general objection to the entirety of the magis-

---

**2.** Per Local Rule 72(d), parties may object a magistrate judge's report and recommenda-

tion within fourteen (14) days after being served with the order.

trate's report has the same effects as would a failure to object").

In the instant case, co-defendants failed to file an objection to the R & R. Consequently, based on the standard explained above, the Court reviews the R & R only for plain error.

## II. THE LAW

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and [that] no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and persons or things to be seized." U.S. Const., Amend. IV.

## A. Search Warrants

■ The warrant requirement is meant to protect people from unreasonable intrusion by the government into their homes. *See Welsh v. Wisconsin,* 466 U.S. 740, 748, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984) (noting that "the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed"). For such reason, "a warrant is valid under the Fourth Amendment only where it is based upon probable cause, supported by oath or affirmation, and particularly describes the place to be searched, and the persons or things to be seized." *Jacobs v. City of Chicago,* 215 F.3d 758, 767 (7th Cir.2000) (citation and internal punctuation omitted). When applied to buildings divided into more than one occupancy unit, the general rule is that probable cause must exist for each unit to be searched. *See United States v. Whitney,* 633 F.2d 902, 907 (9th Cir.1980), cert. denied, *Whitney v. United States,* 450 U.S. 1004, 101 S.Ct. 1717, 68 L.Ed.2d 208 (1981). *See also United States v. Hinton,*

219 F.2d 324, 326 (7th Cir.1955). However, if the warrant describes the entire building as the place to be searched when probable cause exists for searching only one apartment unit therein, the warrant is void. *See United States v. Whitney, supra; United States v. Votteller,* 544 F.2d 1355 (6th Cir.1976); *United States v. Esters,* 336 F.Supp. 214, 218 (E.D.Mich.1972); *United States v. Diange,* 32 F.Supp. 994 (W.D.Pa.1940).

■ The validity of a warrant issued to search a multiple occupancy structure may be challenged on various grounds, depending on the facts shown in the affidavit submitted to the court. For example, a warrant that is overbroad in its description is valid when the only apartment actually searched in a multi-occupancy structure was that for which probable cause was clearly established at the time of the warrant's issuance. *See United States v. Campanile,* 516 F.2d 288 (2d Cir.1975); *Moore v. United States,* 461 F.2d 1236 (D.C.Cir.1972); *United States v. Gomez,* 42 F.R.D. 347 (S.D.N.Y.1967); *United States v. Poppitt,* 227 F.Supp. 73 (D.Del.1964); *see also United States v. Bedford,* 519 F.2d 650 (3d Cir.1975), cert. denied, *Bedford v. United States,* 424 U.S. 917, 96 S.Ct. 1120, 47 L.Ed.2d 323 (1976); *United States v. Darensbourg,* 520 F.2d 985 (5th Cir.1975). Nonetheless, federal courts have also decided that a warrant which describes a multiple-family dwelling as the place to be searched, but fails to specify a particular sub-unit therein may be upheld if: (1) the affidavit shows that defendant exercised dominion or control over the entire premises (*United States v. Whitney, supra; United States v. Page,* 580 F.2d 916 (7th Cir.1978); *United States v. Gusan,* 549 F.2d 15 (7th Cir.1977), cert. denied, 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977)); or (2) when probable cause is established to search the entire premises

(*United States v. Gill,* 623 F.2d 540 (8th Cir.1980), cert. denied, *Gill v. United States,* 449 U.S. 873, 101 S.Ct. 214, 66 L.Ed.2d 94 (1980); *United States v. Olt,* 492 F.2d 910 (6th Cir.1974)).

But before a defendant may challenge the validity of a search warrant, the defendant must show legally sufficient interest in the searched place. "A defendant has standing to challenge the legality of a search on Fourth Amendment grounds only if he has a 'legitimate expectation of privacy' in the place searched." *United States v. Jones,* 949 F.Supp.2d 316, 319, No. 12–10084, 2013 WL 2542084, *2 (D.Mass. Jun. 11, 2013) (citing *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)). The defendant bears the burden of establishing his legitimate expectation of privacy. *See Rawlings v. Kentucky,* 448 U.S. 98, 104, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). Until defendant has met such burden, "the bona fides of the search and seizure are not put legitimately into issue." *United States v. Aguirre,* 839 F.2d 854, 856 (1st Cir.1988). *See also United States v. Cruz Jimenez,* 894 F.2d 1, 5 (1st Cir.1990) (holding that in the context of one's dwelling, a defendant challenging the search warrant must demonstrate a legitimate expectation of privacy as a "threshold standing requirement, and analysis [of the validity of the warrant] cannot proceed further without its establishment."). The First Circuit has cited the following factors as pertinent to this inquiry: "ownership, possession, and/or control; historical use of the property searched or the thing seized; ability to regulate access; the totality of the surrounding circumstances; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of such an expectancy under the facts of a given case." *Id.*

A defendant may have a legitimate expectation of privacy in a place other than his own home, such as in the home of a host who welcomes the defendant as an overnight guest. *See Minnesota v. Olson,* 495 U.S. 91, 98–100, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990) (commenting that an overnight guest may have a legitimate expectation of privacy because "[t]he houseguest is there with the permission of his host, who is willing to share his house and his privacy with his guest"). *See also United States v. Romain,* 393 F.3d 63, 68 (1st Cir.2004). Absent a demonstration of a legitimate expectation of privacy, the defendant cannot assert any Fourth Amendment rights with respect to the warrant.

## B. Exclusionary Rule

The Supreme Court has created the "exclusionary rule" to supplement the bare text of the Fourth Amendment "to compel respect for the constitutional guarantee." *Elkins v. United States,* 364 U.S. 206, 217, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). However, the exclusionary rule is "not a personal constitutional right," (*Stone v. Powell,* 428 U.S. 465, 486, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976)), but a way "to deter future Fourth Amendment violations." *Davis v. United States,* —— U.S. ——, 131 S.Ct. 2419, 2426, 180 L.Ed.2d 285 (2011) (citing *Herring v. United States,* 555 U.S. 135, 141, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009); *United States v. Leon,* 468 U.S. 897, 909, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). The exclusionary rule is a "harsh sanction" triggered only when police practices are deliberate enough to yield meaningful deterrence and culpable enough to be worth the price paid by the justice system. *Davis v. United States,* 131 S.Ct. at 2428 (quoting *Herring v. United States,* 555 U.S. at 144, 129 S.Ct. 695). "[S]uppression [of the evidence seized] is not an automatic consequence of

a Fourth Amendment violation." *Herring v. United States,* 555 U.S. at 137, 129 S.Ct. 695. Instead, the courts must examine the culpability of the law enforcement conduct and perform a balancing test of the deterrence benefits of the exclusionary rule and the substantial social costs onto the judicial system and society. *Davis v. United States,* 131 S.Ct. at 2427. Should the police acts be deliberate, reckless, or grossly negligent, disregarding Fourth Amendment rights, then the deterrent value of the exclusionary rule is strong and it outweighs the resulting social costs. But, if police acts with an objectively reasonable good-faith belief that their conduct is lawful, or when the police conduct involves simple negligence, "the deterrence rationale loses much of its force and exclusion cannot pay its way." *Id.* (Internal quotations omitted). Thus, "searches conducted in objectively reasonable reliance on binding [ . . . ] precedent are not subject to the exclusionary rule." *Davis v. United States,* 131 S.Ct. at 2423–24.

### 1. *Good Faith Exception*

 The good faith exception applies when government agents rely on a warrant in objective good faith and, in the interest of justice, suppression is generally inappropriate. *See United States v. Brunette,* 256 F.3d 14, 19 (1st Cir.2001). Although the good faith exception applies in some cases, it is inapplicable in certain circumstances. The good faith exception does not apply where an officer's good faith reliance on a warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or a warrant that is " 'so facially deficient—i.e. in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.' " *United States v. Owens,* 167 F.3d 739, 745 (1st Cir.1999) (quoting *United States v.*

*Leon,* 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). "The good faith exception 'assumes . . . that the officers properly executed the warrant and searched only those places and for those objects that it was reasonable to believe were covered by the warrant.' " *United States v. Fuccillo,* 808 F.2d 173, 178 (1st Cir.1987) (quoting *Leon,* 468 U.S. at 918 n. 19, 104 S.Ct. 3405).

### 2. *Fruit of the Poisonous Tree*

 Under the exclusionary rule, evidence obtained during a search may be tainted by the illegality of an earlier Fourth Amendment violation, rendering such evidence inadmissible as "fruit of the poisonous tree." *See United States v. D'Andrea,* 648 F.3d 1, 6 (1st Cir.2011) (quoting *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)). "[T]he exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.' " *Segura v. United States,* 468 U.S. 796, 804, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984) (citation omitted) (quoting *Nardone v. United States,* 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939)). This rule equally extends to both the direct and the indirect products of unlawful searches and seizures. *See Wong Sun,* 371 U.S. at 484, 83 S.Ct. 407. "[T]he indirect fruits of an illegal search or arrest should be suppressed when they bear a sufficiently close relationship to the underlying illegality." *New York v. Harris,* 495 U.S. 14, 19, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990). Suppression is not appropriate, however, if "the connection between the illegal police conduct and the discovery and seizure of the evidence is 'so attenuated as to dissipate the taint.' " *Segura,* 468

U.S. at 805, 104 S.Ct. 3380 (quoting *Nardone,* 308 U.S. at 341, 60 S.Ct. 266).

## III. DISCUSSION

### A. The Firearm

Defendant seeks suppression of the firearm seized during the search of Apartment 62 because the search warrant makes reference to Building 7 of the Zorrilla Public Housing without particularly describing Apartment 62. The Government questioned Defendant's challenge of the warrant for lack of standing because Defendant is not the lessee of Apartment 62 and he failed to show that he was an overnight guest at Apartment 62. In this respect, the Magistrate Judge held that Defendant's assertions as to being a guest at Apartment 62 were unsupported, and thus, Defendant failed to demonstrate a legitimate expectation of privacy that would give him standing to challenge the validity of the search warrant. Nonetheless, the Magistrate Judge sought other grounds that allowed him to make a ruling on Defendant's motion to suppress.

After analyzing the record of the instant case, the Magistrate Judge found that probable cause was clearly established as to the entrance areas of Building 7 based on the testimony of the police officers and that of the internal security employee of the Department of Housing. In the instant case, police officers described the results of their surveillance operation of Building 7; of the testimony of the "countless buyers" that were arrested during the surveillance period who were observed entering and exiting Building 7 with drug or drug paraphernalia in their possession (Docket No. 47). Thus, the Magistrate Judge concluded that the search warrant was valid as to the search of Building 7 of the Zorrilla Public Housing.

The Magistrate Judge also found valid justification of the search of the twelve individual apartments of Building 7, including Apartment 62, under the good faith exception to the exclusionary rule. The Magistrate Judge reasoned that, although Defendant raises "legitimate concerns regarding the existence of probable cause for the [individual] apartment themselves," the conclusion reached by police officers as to the control exercised over the entire building on the placement of the illegal gates; the gates' use in the alleged drug transactions; and the constraints placed on access to other floors of Building 7 precludes application of the exclusionary rule. In reaching this determination, the Magistrate Judge found no clear indication that the police officers' conduct was "so 'flagrant' or 'culpable' in violating Fourth Amendment rights as to compel suppression." (Docket No. 47, page 12 (quoting *United States v. Clark,* 638 F.3d 89 (2d Cir.2011))).

The Court agrees with the Magistrate Judge's conclusion. In the instant case, the record shows that the police officers acted within the scope of the warrant in searching Apartment 62, which is included within the "twelve apartments [of Building 7], Apartments 57 to 68" (Docket No. 43), and that the officers reasonably presumed the warrant to be valid based on their earlier observations during surveillance.

### B. Incriminating Statements Regarding the Firearm

Defendant avers that the incriminating statements regarding the firearm made after his arrest should not be admissible as being "fruit of the poisonous tree" because they were obtained on account of an allegedly invalid search warrant. Based on the above discussion, the Magistrate Judge concluded, and this Court agreed, that there was no Fourth Amendment violation

in the instant case. Therefore, the statements Defendant made after his arrest with respect to the firearm are deemed validly obtained. For this reason, suppression is not appropriate.

## IV. CONCLUSION

Based on the reasons stated above, the Court finds that there is no plain error in the Magistrate Judge's R & R (Docket No. 47). The Court concurs with the Magistrate Judge's determinations of fact and hereby **ACCEPTS, ADOPTS and INCORPORATES** by reference the Magistrate Judge's R & Rinto this Opinion and Order. Accordingly, for the reasons contained in the R & R, as well as for the reasons set forth herein, Defendants' motion to suppress (Docket No. 29) is hereby **DENIED.**

**IT IS SO ORDERED.**